**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **AMERICAN ZURICH INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23 C 1243** |
| | ) | |
| **SUN HOLDINGS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

American Zurich Insurance Company brought this action against defendant Sun Holdings, Inc., to confirm an arbitration award regarding Sun Holdings' nonpayment of owed deductible obligations. The underlying award includes the principal amount due of $1,078,674.52, nine percent interest on that amount due, and $174,929.39 for attorneys' fees. Sun Holdings has moved to vacate or modify the award regarding the grant of attorneys' fees. For the reasons below, the Court grants American Zurich's petition to confirm the arbitration award in full and denies Sun Holdings' petition to partially to vacate or modify the award.

**Background**

Sun Holdings contracted with American Zurich to obtain workers compensation insurance. The parties' dispute arises from their Paid Deductible Agreement, in which they agreed that Sun Holdings would share in the insurance risk by paying a deductible of $250,000 on each claim. The agreement provided that American Zurich would pay

each claim, then Sun Holdings would reimburse it for the first $250,000.

The agreement also included a provision requiring all disputes related to the agreement's performance, interpretation, or alleged breach to be resolved through binding arbitration. The agreement specified that any arbitration would be administered by the American Arbitration Association (AAA) under its Commercial Arbitration Rules and that "each party would pay its own cost of counsel and witnesses." Pl.'s Pet., Ex. 1 at 6. It also prohibited arbitrators from awarding punitive damages or any damages "in excess of compensatory damages." *Id.* Any arbitration was required to take place in Illinois and would be determined based on the law of the State of New York.

In October 2021, American Zurich initiated arbitration to recover reimbursement amounts that Sun Holdings owed and refused to pay. After the arbitration panel determined that Sun Holdings was obligated to pay American Zurich the amounts sought, American Zurich applied to the panel for an award of attorneys' fees against Sun Holdings. The arbitration panel granted that request in January 2023.

In considering the attorneys' fee award, the arbitration panel addressed whether it had the power to make such an award, whether an award was justified in law and fact, and the appropriate amount to be granted. Relying on *ReliaStar Life Insurance. Co. of New York v. EMC National Life Co.*, 564 F.3d 81, 89 (2d Cir. 2009), the panel concluded that parties' agreement to bear their own costs of counsel did not preclude granting attorneys' fees when a party has arbitrated in bad faith. The panel then determined that Sun Holdings had arbitrated in bad faith and reviewed the circumstances it believed justified that determination. It concluded with a reflection on the "Whac-A-Mole character of this arbitration" and the "bad faith imposition of

unnecessary expense on Zurich," and it directed American Zurich to submit the amount of attorneys' fees it had incurred from December 15, 2021 through January 12, 2023. Pl.'s Pet., Ex. 2, Ex. 3 at 6.  The panel specified this time frame "because our award is grounded upon Sun's conduct in this arbitration and not Sun's pre-arbitration failure to pay."  *Id.*

In February 2023, the arbitration panel entered a final award in which it awarded American Zurich $1,078,674.52 for principal amounts due, nine percent interest starting the date each unpaid invoice became due and ending when final payment is made, and $174,929.39 in attorneys' fees.  American Zurich then petitioned this Court to confirm the award under section 9 of the Federal Arbitration Act (FAA).  9 U.S.C. § 9.  In response, Sun Holdings moved to partially vacate or modify the arbitration award under section 10(a)(4) of the FAA.

## Discussion

Judicial enforcement of arbitration awards is governed by the FAA.  Where a party properly applies to a court to confirm an arbitration award, "the court *must* grant such an order unless the award is vacated, modified, or corrected."  9 U.S.C. § 9 (emphasis added).  A court's review of an arbitration award is "tightly limited," and awards are set aside "only in very unusual circumstances."  *Bartlit Beck LLP v. Okada*, 25 F.4th 519, 522 (7th Cir. 2022).  Still, section 10(a)(4) of the FAA authorizes a court to vacate an award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).

A "party seeking relief under that provision bears a heavy burden."  *Oxford*

3

*Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013).  Because "the parties bargained for the arbitrator's construction of their agreement," *id.*, the dispositive question for the Court is "whether the arbitrator interpreted the law or contract submitted by the parties," not whether the arbitrator interpreted it correctly.  *Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1104 (7th Cir. 2023).  An arbitrator's factual or legal error, "even his grave error," is not enough to justify court intervention as long as the arbitrator was "arguably construing" the contract.  *Oxford Health Plans*, 569 U.S. at 572. "The potential for those mistakes is the price of agreeing to arbitration."  *Id.* at 572-73.

Sun Holdings contends that the arbitration panel exceeded its authority by awarding attorney's fees to American Zurich.  It contends that (1) the fee award was in derogation of the contractual provisions requiring each party to pay its own attorneys' fees and limiting available relief to compensatory damages, (2) the panel's finding of bad faith was based on pre-arbitration conduct, and (3) the panel required judicial authority before it could award fees incurred enforcing the panel's interim award in federal court.  None of these contentions warrant modification of the final award under section 10(a)(4).  The Court addresses each of these contentions in turn.

Sun Holdings is correct that the agreement's arbitration provision states "[e]ach party shall pay its own costs of counsel and witnesses," Pl.'s Pet., Ex. 1 at 6, but that does not end the inquiry.  The arbitration provision also incorporates the AAA's Commercial Arbitration Rules, which authorize arbitrators to award attorneys' fees if "authorized by law or the parties' arbitration agreement."  Am. Arb. Ass'n, Com. Arb. Rules & Mediation Procs., R-49(d)(ii).  The arbitration panel thus looked to the law of New York—which the parties agreed would govern their agreement and any related

4

arbitration—and determined that "*ReliaStar*, and cases following it, tell us that the American Rule does not preclude an award of attorneys' fees when a party has arbitrated in bad faith" and that the parties' agreement did not preclude the panel from awarding attorneys' fees to American Zurich on this basis. Pl.'s Pet., Ex. 2, Ex. 3 at 3. Indeed, in *ReliaStar* this was true even when the underlying agreement said each side would bear their own fees. *ReliaStar Life Ins. Co.*, 564 F.3d at 84. Therefore, the panel's decision to grant attorney's fees was indeed an interpretation of the contract, the AAA rules incorporated into the contract, and the appropriate governing law.

Sun Holdings' contention that the arbitration panel exceeded its authority because the agreement prohibits an award of damages in excess of compensatory damages also falls short. An award of attorneys' fees is not necessarily punitive, and in this case it was compensating American Zurich for fees it had incurred. In the underlying arbitration, Sun Holdings agreed that an award of attorneys' fees would be compensatory and did not argue the alternative to the arbitration panel. As a result, it cannot advance a contrary argument in collateral proceedings involving enforcement of the arbitration. *See Lippert Tile Co. v. Int'l Union of Bricklayers and Allied Craftsmen, Dist. Council of Wis. & Its Loc. 5*, 724 F.3d 939, 945 (7th Cir. 2013).

In sum, it is clear that the arbitration panel's award of attorney's fees was drawn from the contract itself, specifically from the panel's application of New York law, which the contract expressly made applicable. This is dispositive for purposes of section 10(a)(4) of the FAA.

Sun Holdings challenges the arbitrators' stated reasons for finding it acted in bad faith, arguing the panel's "failure to sanction or otherwise find that Sun Holdings

defended the arbitration in a vexatious or harassing manner . . . should be fatal."  Def.'s Resp. and Mot. to Vacate at 9 ¶ 22.  But a contention that an arbitration panel made erroneous determinations of law or fact does not warrant inquiry by a court regarding the sufficiency of the basis for the panel's determinations.  This is beyond the scope of the limited judicial review section 10(a)(4) permits.  "If parties could take full bore legal and evidentiary appeals, arbitration would become merely a prelude to a more cumbersome and time-consuming judicial review process."  *Oxford Health Plans*, 569 U.S. at 568-69.

Finally, Sun Holdings contests the arbitrator's grant of attorneys' fees related to American Zurich's earlier petition to confirm the interim arbitration award.  It argues that Seventh Circuit precedent requires "express authority" for recovery of "fees incurred confirming or defending awards in federal court."  Def.'s Resp. and Mot. to Vacate at 10 ¶ 25.  Sun Holdings contends that, "[i]n an effort to circumvent that legal requirement," American Zurich argued for the fee award before the arbitration panel when the "application should have been made before Judge Guzman [who enforced the interim award] as he is the proper authority to make the determination."  Def.'s Reply in Supp. of Mot. to Vacate at 5 ¶ 11.  This argument is incorrect; it is based on a misreading of the Seventh Circuit's decision in *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994).

In *Menke*, the court held that nothing in the FAA provides for an award of attorneys' fees to a party who successfully confirms an arbitration award in federal court and that "without Congressional authority, the district court had no power under the statute to award Menke any additional attorneys' fees" incurred in the confirmation.  *Id.*

6

The court's decision concerned the power of federal courts to independently award attorneys' fees beyond those awarded by the arbitrators in the underlying proceeding. The "authority" the court in *Menke* referred to was that of Congress, not, as Sun Holdings suggests, a federal judge. In short, the case essentially stands for the opposite of the position argued by Sun Holdings: Judge Guzman would not have had authority to make a fee award on the earlier petition to enforce.

### Conclusion

For the foregoing reasons, the Court grants American Zurich's petition to confirm the arbitration award in full and denies Sun Holdings' motion partially to vacate or modify the award. The Court directs the Clerk to enter judgment as follows: The February 2, 2023 arbitration award issued in favor of American Zurich Insurance Co. and against Sun Holdings, Inc. is confirmed.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 3, 2023

7